BESS M. BREWER, #100364
LAW OFFICE OF BESS M. BREWER
P.O. Box 5088
Sacramento, CA 95817
Telephone: (916) 385-7517
besshelena@earthlink.net
Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE TODD PEKAREK<br>xxx-xx-9287<br><br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN<br>ACTING COMMISSIONER OF SSA,<br>Defendant. | No. 2:13-cv-1451 DAD<br><br>**STIPULATION AND ORDER APPROVING SETTLEMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT** |

IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel, subject to the Court's approval, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of FOUR THOUSAND SIX HUNDRED EIGHTY EIGHT DOLLARS AND FORTY CENTS (**$4,688.40**). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d). After the Court issues an order for EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521 (U.S. June 14, 2010), the ability to honor the assignment will depend on whether the fees and expenses are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees and expenses is entered, the government will

1 determine whether they are subject to any offset.

2     Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury
3 determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of
4 fees, expenses and costs to be made directly to Bess M. Brewer, pursuant to the assignment executed
5 by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

6     This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney
7 fees and expenses, and does not constitute an admission of liability on the part of Defendant under
8 the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any
9 and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and
10 expenses in connection with this action.

11     This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act
12 attorney fees under 42 U.S.C. § 406, subject to the offset provisions of the EAJA.

13
14
15 Dated: April 15, 2015                             */s/Bess M. Brewer*
16                                                     BESS M. BREWER
                                                    Attorney at Law
17                                                     Attorney for Plaintiff
18
19 Dated: April 15, 2015                             Benjamin B. Wagner
20                                                     United States Attorney
                                                    */s/ Theophous Reagans*
21                                                    THEOPHOUS REAGANS
                                                  Special Assistant United States Attorney
22                                                   Attorneys for Defendant

23
24
25
26
27
28

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

Dated: April 16, 2015

*[signature: Dale A. Drozd]*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.soc sec
pekarek1451.stip.eaja.ord.rtf